No. 99,294

In the Matter of STEPHEN D. HARRIS, *Respondent*.

(180 P.3d 558)

Opinion filed March 28, 2008.

*Alexander M. Walczak*, deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett*, disciplinary administrator, was with him on the formal complaint for petitioner.

*Stephen D. Harris*, respondent, argued the cause pro se.

*Per Curiam*: This is an uncontested, original proceeding in discipline filed by the office of the Disciplinary Administrator against Stephen D. Harris, an attorney licensed to practice law in the state of Kansas since April 1993. Harris' last registration address with the Clerk of the Appellate Courts of Kansas is Topeka, Kansas.

The formal complaint as originally filed alleged Harris violated KRPC 1.1, 1.3, 1.4, 3.4(d), 8.1(b) and 8.4(c).

On June 12, 2007, a hearing on the formal complaint was held before a hearing panel of the Kansas Board for Discipline of Attorneys. Respondent appeared pro se. There were no other appearances. At the outset of the hearing, Respondent stipulated to the facts and rule violations alleged in the formal complaint.

Based upon its findings of fact, the hearing panel concluded as a matter of law that Respondent violated six rules of professional conduct:

KRPC 1.1 (2007 Kan. Ct. R. Annot. 384) (competent representation);

KRPC 1.3 (2007 Kan. Ct. R. Annot. 398) (diligence and promptness);

KRPC 1.4(b) (2007 Kan. Ct. R. Annot. 413) (explain matters to permit client to make informed decisions);

KRPC 3.4(d) (2007 Kan. Ct. R. Annot. 514) (comply with proper discovery request);

KRPC 8.1(b) (2007 Kan. Ct. R. Annot. 553) (cooperate in disciplinary investigations); and

KRPC 8.4(c) (2007 Kan. Ct. R. Annot. 559) (conduct involving dishonesty, fraud, deceit or misrepresentation);

and Kansas Supreme Court Rule 207(b) relating to discipline of attorneys (2007 Kan. Ct. R. Annot. 288) (assist the Disciplinary Administrator in investigations). The panel recommended that Respondent be suspended for a period of 3 months from the practice of law in the state of Kansas. Respondent filed no exceptions to the panel's final hearing report.

The hearing panel made 22 separately numbered findings of fact, by clear and convincing evidence, which are reproduced in narrative form as follows:

*DA9672—Complaint of C.G.*

Beginning September 1, 2004, pursuant to a rule change, the United States Bankruptcy Court required that all pleadings be filed electronically. In order to file electronic pleadings with the bankruptcy court, an attorney must have a login name and password.

In January 2005, Respondent attempted to file a bankruptcy case, in behalf of a client, using paper pleadings rather than electronic pleadings. The bankruptcy court sent Respondent an order and in the order advised Respondent that petitions and other pleadings must be filed electronically. The court ordered Respondent to attend the required training, pass the examination, and obtain a login name and password within 30 days. Respondent failed to obtain a login name and password within 30 days.

On March 31, 2005, Respondent attempted to file a bankruptcy case in behalf of another client. On April 11, 2005, a bankruptcy judge advised Respondent in writing that he was not permitted to file a bankruptcy case using paper pleadings and that all pleadings must be filed electronically.

In July 2005, C.G. retained Respondent to prepare and file a bankruptcy case in his behalf prior to the change in bankruptcy laws scheduled for October 2005. Respondent informed C.G. that it would take 6 to 8 weeks to file the bankruptcy. C.G. paid Respondent an advanced fee of $800. Despite the fact that Respon-

dent knew that he did not have a login name and password to enable him to file bankruptcy cases, Respondent agreed to represent C.G.

On September 12, 2005, Respondent spoke with C.G. by telephone. At that time, C.G. informed Respondent that he needed the bankruptcy case to be filed immediately because his two vehicles had been repossessed. During the conversation, C.G. asked Respondent whether Respondent had a login name and password to enable him to file bankruptcy pleadings. Respondent informed C.G. that he had a login name and password. Later, in the same telephone conversation, Respondent informed C.G. that he did not have a login name and password but that he would get one by the end of the week. Still later in the telephone conversation, Respondent assured C.G. that he would obtain a login name and password with sufficient time to file the bankruptcy before the laws changed.

Because Respondent had not filed his bankruptcy, because Respondent did not have a login name and password, and because C.G. believed that Respondent misrepresented his ability to file the bankruptcy case, C.G. terminated Respondent's representation. C.G. requested that Respondent refund the $800 advanced fee paid to Respondent. Respondent never refunded any of the advanced fee. (Subsequently, C.G. retained new counsel, who was able to prepare and file the bankruptcy case prior to the change in the bankruptcy laws.)

On September 18, 2005, C.G. filed a complaint with the Disciplinary Administrator's office. Ardith R. Smith-Woertz was appointed to investigate C.G.'s complaint. On October 6, 2005, Ms. Smith-Woertz wrote to Respondent and requested that he call to schedule a meeting. Additionally, Ms. Smith-Woertz directed Respondent to bring his complete file with him at the time of the meeting. Thereafter, Ms. Smith-Woertz met with Respondent, but Respondent failed to bring the complete file with him. In an electronic mail message, Respondent promised to provide Ms. Smith-Woertz with a complete copy of the file.

Because Respondent failed to provide a complete copy of the file, on February 9, 2006, Ms. Smith-Woertz again wrote to Respondent. Again, thereafter, Respondent promised to provide the

requested file. However, Respondent never provided Ms. Smith-Woertz with his file regarding C.G.

*DA9892—Complaint of J.S. and K.S.*

On October 11, 2005, Raynor Manufacturing Company filed suit against J.S., K.S., and their company, seeking damages in the amount of $224,000. In November, J.S., K.S., and their company entered into separate fee agreements with Respondent.

On November 4, 2005, J.S. and K.S. retained Respondent to defend them in the suit. Respondent filed a timely answer to the petition.

Thereafter, on November 17, 2005, counsel for plaintiff filed requests for discovery. Despite receiving the requests for discovery on November 18, 2005, Respondent did not file a response to the discovery requests, nor did he request additional time to comply with discovery.

Also on November 17, 2005, the court directed the parties to prepare and submit an agreed case management order by December 16, 2005. Counsel for plaintiff attempted to reach Respondent to prepare the case management order. However, counsel for plaintiff was unable to reach Respondent.

On December 13, 2005, just 1 week before the responses were due, Respondent forwarded the requests for discovery to J.S. and K.S. In the letter, Respondent did not provide J.S. and K.S. with a time frame within which to provide the documentation, other than stating that he needed the documents "promptly."

On January 9, 2006, counsel for plaintiff again called Respondent. At that time, counsel for plaintiff told Respondent if he did not hear from Respondent regarding the case management order, counsel for plaintiff would be filing the order without the assistance of Respondent.

Additionally, counsel for plaintiff informed Respondent that Respondent needed to comply with the discovery requests and if he did not provide the responses by a date certain, that counsel for plaintiff would file a motion for summary judgment. Respondent responded, "Do what you have to do."

On January 17, 2006, counsel for plaintiff filed a motion for summary judgment. Respondent failed to file a response to the

motion for summary judgment. On March 14, 2006, the court granted the motion for summary judgment and entered judgment against J.S. and K.S. and their company in the amount of $224,000.

After the court entered judgment against J.S. and K.S. and their company, Respondent failed to inform J.S. or K.S. or their company of the existence of the judgment. On April 24, 2006, J.S. learned of the entry of the judgment by reading a notice that had been posted on the door of her home.

On April 25, 2006, J.S. contacted Respondent, who told J.S. that he knew of the judgment for about 3 weeks and had not informed her because he hoped to file a motion to set aside the judgment. Respondent worked on the motion and a memorandum in support of the motion. However, Respondent had not completed the motion prior to J.S. and K.S. learning of the existence of the judgment.

J.S. and K.S. and their company terminated Respondent's representation. J.S. and K.S. retained new counsel to seek to have the judgment set aside and determine whether action against Respondent would be warranted.

On April 27, 2006, Respondent filed a motion to set aside the judgment and a memorandum in support of the motion. The court granted the motion and set aside the judgment on November 20, 2006.

Also on April 27, 2006, J.S. and K.S. and their company filed a complaint against Respondent.

Based upon the findings of fact, the hearing panel concluded as a matter of law that Respondent violated KRPC 1.1, KRPC 1.3, KRPC 1.4(b), KRPC 3.4(d), KRPC 8.1(b), KRPC 8.4(c), and Kansas Supreme Court Rule 207(b). The panel's conclusions are summarized, as follows:

KRPC 1.1 requires attorneys to provide competent representation to their clients. The rule states that competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation. Respondent failed to competently represent C.G. when he failed to prepare and electronically file the bankruptcy petition. Additionally, Respondent failed to competently represent J.S. and K.S. and their company when he failed to answer discovery and respond to the motion for

summary judgment. Accordingly, the hearing panel concluded that Respondent violated KRPC 1.1.

KRPC 1.3 requires attorneys to act with reasonable diligence and promptness in representing their clients. In this case, Respondent failed to provide diligent representation to C.G. when he failed to prepare and electronically file the bankruptcy petition. Respondent failed to diligently represent J.S. and K.S. and their company when he failed to respond to discovery, when he failed to assist in preparing the case management order, and when he failed to respond to the motion for summary judgment. Because Respondent failed to act with reasonable diligence and promptness in representing C.G. and J.S. and K.S. and their company, the hearing panel concluded that Respondent violated KRPC 1.3.

KRPC 1.4(b) requires attorneys to explain matters to the extent reasonably necessary to permit the client to make informed decisions regarding the representation. In this case, Respondent violated KRPC 1.4(b) when he failed to inform J.S. and K.S. that he had failed to respond to a motion for summary judgment and that the court had entered a judgment in the amount of $224,000 against them. Accordingly, the hearing panel concluded that Respondent violated KRPC 1.4(b).

KRPC 3.4(d) requires attorneys to be fair to the opposing party and counsel. Specifically, "[a] lawyer shall not . . . in pretrial procedure, . . . fail to make a reasonably diligent effort to comply with a legally proper discovery request by an opposing party." In the case of J.S. and K.S., Respondent failed to provide responses to discovery as requested by counsel for plaintiff. As such, the hearing panel concluded that Respondent violated KRPC 3.4(d).

KRPC 8.1(b) requires attorneys to cooperate in disciplinary investigations and specifically provides that "a lawyer in connection with a . . . disciplinary matter, shall not . . . knowingly fail to respond to a lawful demand for information from [a] disciplinary authority." Respondent failed to provide his complete file to Ms. Smith-Woertz as he had been repeatedly directed to do. Therefore, the hearing panel concluded that Respondent failed to cooperate in this investigation in violation of KRPC 8.1(b).

KRPC 8.4(c) states: "It is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation." Respondent engaged in conduct that involved dishonesty when he falsely told C.G. that he had a login name and password. Additionally, Respondent engaged in conduct that involved a misrepresentation when he failed to inform J.S. and K.S. that a judgment in the amount of $224,000 had been entered against them and their company. As a result, the hearing panel concluded that Respondent violated KRPC 8.4(c).

The hearing panel also concluded that Respondent violated Kansas Supreme Court Rule 207(b), which requires "each member of the bar of this state to aid the Supreme Court, the Disciplinary Board, and the Disciplinary Administrator in investigations concerning complaints of misconduct." Respondent had failed to provide his complete file on C.G. to Ms. Smith-Woertz as he had been repeatedly directed to do.

In making its recommendation for discipline, the hearing panel considered the following factors based on the American Bar Association Standards for Imposing Lawyer Sanctions, stating:

> "*Duty Violated.* The Respondent violated his duty to his clients to provide competent and diligent representation and adequate communication. Additionally, the Respondent violated his duty to the legal profession to cooperate in disciplinary investigations. Finally, the Respondent violated his duty to the legal system to comply with court rules and orders.
>
> "*Mental State.* The Respondent knowingly violated his duties.
>
> "*Injury.* As a result of the Respondent's misconduct, the Respondent caused actual injury to [J.S.] and [K.S.] and their company. [J.S.] testified that she believed that her credit rating had been substantially affected negatively by the entry of the judgment which resulted from the Respondent's misconduct. Additionally, the Respondent caused potential injury to [C.G.]"

The hearing panel found the following aggravating factors present:

> "*Prior Disciplinary Offenses.* On April 11, 1995, the Disciplinary Administrator informally admonished the Respondent for violating KRPC 1.15 [1995 Kan. Ct. R. Annot. 294] and KRPC 7.1 [1995 Kan. Ct. R. Annot. 332].
>
> "*Dishonest or Selfish Motive.* The Respondent's misconduct regarding [C.G.] included dishonest conduct—he told [C.G.] that he had a login name and password when he did not. During the disciplinary investigation of [C.G.'s] complaint,

the Respondent engaged in additional dishonest conduct. The Respondent informed the investigator that he had his login name and password at a time when he did not.

"The Respondent's misconduct regarding [K.S.] and [J.S.] and their company included dishonest and selfish conduct—he attempted to prepare and file a motion to set aside the judgment before informing [them] of the $224,000 judgment entered against them and their company.

"*Multiple Offenses*. The Respondent violated KRPC 1.1, KRPC 1.3, KRPC 1.4(b), KRPC 3.4(d), KRPC 8.1(b), and KRPC 8.4(c). As such, the Respondent committed multiple offenses involving multiple persons.

"*Submission of False Evidence, False Statements, or Other Deceptive Practices During the Disciplinary Process*. In his written response to [C.G.'s] complaint, the Respondent provided false information. Specifically, the following statements were false:

'Factually, I did have my P.I.N., and I had it since the fall of 2004. I received my P.I.N. after I . . . attended Court prepared and sponsored training, at the Court, for Electronic case filing (ECF).'

"*Substantial Experience in the Practice of Law*. The Kansas Supreme Court admitted the Respondent to practice law in 1993. At the time the Respondent engaged in misconduct, the Respondent had been practicing law for a period of 11 years. Accordingly, the hearing panel concluded that the Respondent had substantial experience in the practice of law at the time he engaged in the misconduct.

"*Indifference to Making Restitution*. To date, the Respondent has made no effort to make restitution to [C.G.] for the unearned advanced fee."

The hearing panel found the following mitigating factors present:

"*Timely Good Faith Effort to Make Restitution or to Rectify the Consequences of the Misconduct*. While the Respondent failed to make any effort to make restitution to [C.G.], he did make a good faith effort to set aside the judgment entered against [J.S.] and [K.S.] and their company. However, the Respondent's effort to rectify the consequences of his misconduct was not timely.

"*The Present and Past Attitude of the Attorney as Shown by the Respondent's Cooperation During the Hearing and the Respondent's Acknowledgment of the Transgressions*. With the exception of failing to provide Ms. Smith-Woertz a copy of the complete file regarding [C.G.], the Respondent did cooperate in the investigation and during the hearing.

"*Previous Good Character and Reputation in the Community Including any Letters from Clients, Friends, and Lawyers in Support of the Character and General Reputation of the Attorney*. The Respondent is an active and productive member of the bar in Topeka, Kansas. He enjoys the respect of his peers and clients and generally possesses a good character and reputation.

"*Physical Disability*. During January and February 2006, the Respondent and his family suffered a respiratory illness which interfered with his ability to represent his clients.

"*Remorse*. At the hearing on the Formal Complaint, the Respondent expressed genuine remorse.

"*Remoteness of Prior Offenses*. The discipline imposed in 1995 is remote in time and in character to the misconduct in this case."

The hearing panel considered the following Standards:
Standard 4.42:

"Suspension is generally appropriate when:
(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or
(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client."

Standard 4.62:

"Suspension is generally appropriate when a lawyer knowingly deceives a client, and causes injury or potential injury to the client."

The panel unanimously recommended that Respondent be suspended for a period of 3 months from the practice of law in the state of Kansas. The hearing panel further recommended that Respondent, prior to appearing before this court, pay $800 to C.G.'s bankruptcy trustee. We do note that just prior to appearing before this court, Respondent did provide proof of his having paid $800 to C.G.'s bankruptcy trustee.

We adopt the hearing panel's findings of fact and its conclusions of law. Further, we agree with the panel's recommended discipline of suspension for a period of 3 months from the practice of law in the state of Kansas, although a minority of the court would impose a longer suspension.

IT IS THEREFORE ORDERED that Stephen D. Harris be and he is hereby suspended from the practice of law in the state of Kansas for a period of 3 months from the date of this opinion, in accordance with Supreme Court Rule 203(b) (2007 Kan. Ct. R. Annot. 261) for violations of KRPC 1.1, KRPC 1.3, KRPC 1.4(b), KRPC 3.4(d), KRPC 8.1(b), KRPC 8.4(c), and Kansas Supreme Court Rule 207(b).

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to Respondent and that this order be published in the official Kansas Reports.